IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS STEVENS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

INPHONIC, INC., et al.,

Defendants.

Case No.: 1:07-cv-00930-RBW

### MEMORANDUM IN SUPPORT OF MOTION OF INDIVIDUAL INVESTORS GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF LEAD COUNSEL

Rodney J. Caspersen, James W. Morse, Jr., and Michelle Walsh (collectively, the "Individual Investors Group" or "Movant") respectfully submit this memorandum of law in support of their motion for an order (1) appointing the Individual Investors Group as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B); and (2) approving the Individual Investors Group's selection of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as Lead Counsel. Movant submits this motion on the grounds that it is the "most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 ("PSLRA").

### PRELIMINARY STATEMENT

During the period between August 2, 2006 through May 3, 2007, inclusive (the "Class Period"), Movant collectively purchased 3,225 shares of Inphonic, Inc. (the "Inphonic" or the

"Company") stock at artificially inflated prices of between $10.61 and $12.09 per share and suffered estimated losses of $3,553.60, as a result of the securities law violations alleged in the complaint filed in the above-captioned action (the "Action"). *See* Certification of Movant, Toll Decl.,[1] Exhibit B. Thus, Movant has a significant financial interest in the outcome of the case, and is precisely the type of investor who should be appointed as Lead Plaintiff in this case.

## THE CLAIMS ASSERTED

The Complaint alleges that Inphonic and certain of its officers and directors violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by issuing materially false and misleading statements concerning the Company's 2006 fiscal year financial results in violation of the federal securities laws and generally accepted accounting principles.

In particular, the Complaint alleges that during the Class Period the Company materially misrepresented its net income for the fiscal year ended December 31, 2006 and the interim second, third, and fourth quarters, causing its stock price to rise to as much as $14.36 per share. Unbeknownst to investors, during the Class Period, Inphonic's reported net income was artificially inflated due to the fact that Defendants improperly recognized revenues for certain cancelled consumer contracts, as well as other errors in the income statement. The Complaint further alleges that the cumulative effect of all these errors caused an aggregate net loss of at least $43 to $49 million for fiscal 2006, as compared to the $17.3 million net loss from continuing operations the Company preliminarily announced for fiscal 2006. The Complaint also asserts that certain officers and directors of the Company sold significant amounts of stock during the Class Period while the stock was artificially inflated.

---

[1] All exhibits are attached to the accompanying Declaration of Steven J. Toll dated May 9, 2007 and submitted in support of Movant's motion for appointment as Lead Plaintiff (the "Toll Decl.").

On April 3, 3007, investors began to learn the truth when the Company filed a Form 8-K with the SEC disclosing, among other things, that its Q2, Q3, Q4 2006 and FY 2006 results should no longer be relied upon. That announcement shocked the market and the Company's stock fell $1.21 per share, from $10.36 per share the prior day to $9.15 per share, or 11.7% on extremely heavy volume. By May 3, 2007, the last day of the Class Period, Inphonic's share price had dropped to $8.54. Inphonic's share price has continued its steady decline, closing at $4.66 per share on July 5, 2007. Investors have lost millions of dollars as a result of the fraud alleged in the Complaint.

## ARGUMENT

As discussed below, Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff in this Action. Additionally, Movant seeks Court approval of its selection of Lead Counsel for the Class.

### A. The Procedure Required By the PSLRA for the Appointment of Lead Plaintiffs

Section 21D of the PSLRA, codified as 15 U.S.C. § 78u-4, establishes a procedure for the appointment of lead plaintiffs in "each private action arising under the [Exchange Act or Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." § 21D(a)(1), § 27(a)(1). First, the plaintiffs who file the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiffs. PSLRA § 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice was published on May 7, 2007 (*see* Toll Decl., Ex. A).[2]

---

[2] The first notice was published by the Rosen Firm and mistakenly informed investors that they had ninety days in which to seek appointment as lead plaintiff. On May 9, 2007, the Rosen Firm issued a second (corrective notice), which correctly informed investors that the deadline for seeking appointment as lead plaintiff was July 6, 2007. Both notices appear

3

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." PSLRA § 21D(a)(3)(B)(i), 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA also provides the following standard for determining who is the "most adequate plaintiff":

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person *or group of persons* that –
>
> > (aa)  has either filed the complaint or made a motion in response to a notice. . . [within 60 days of publication of the notice]
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

PSLRA § 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

As set forth below, Movant is the "most adequate plaintiff."

### 1. Movant Has Complied with the Procedural Requirements of the PSLRA

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiffs must be filed expires on May 9, 2007. Movant has moved within the statutory 60-day time period. The motion contains the required certification setting forth, *inter alia*, Movant's transactions in Inphonic's securities during the Class Period, and indicates that Movant has

---

as Exhibit A to the Toll Declaration and, collectively, meet the PSLRA's requirement that a notice be issued within 20 days of when the first complaint was filed.

reviewed a complaint filed in the Action and is willing to serve as a representative party on behalf of the Class. *See* Toll Decl., Ex. B. In addition, Movant has selected and retained competent and experienced counsel, as set forth in counsel's resume. *See* Toll Decl., Ex. C. As noted in its firm resume, Cohen Milstein has developed an excellent reputation for successfully prosecuting federal securities laws claims.

### 2.     Movant has the Largest Financial Interest in the Relief Sought

By its plain language, the PSLRA authorizes courts to appoint a "group of persons" as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Applying a "rule of reason" analysis, as well as guidance from the Securities and Exchange Commission, this Court has held that groups of unrelated individuals may serve as lead plaintiffs. *See In re Baan Sec. Litig.*, 186 F.R.D. 214, 216 (D.D.C. 1999) ("the text of the PSLRA does not limit the composition of a 'group of persons' to those only with a pre-litigation relationship, nor does the legislative history provide a sound enough foundation to support such a gloss"). The Individual Investors Group, comprised of three individual investors with significant losses, represents an ideal-sized group for lead plaintiff purposes. *See In re Baan*, 186 F.R.D. at 217 ("relying on intuition and experience, this Court generally shares the SEC's view that where unrelated investors are to be Lead Plaintiff, a triumvirate is preferable").

The Individual Investors Group is presumptively the most adequate plaintiff because, on information and belief, it has the largest financial interest in the relief sought by the Class of any movant. During the proposed Class Period, Movant purchased 3,225 shares of Inphonic stock at a cost of approximately $37,466.65. Movant's losses are estimated at approximately $3,553.60. *See* Toll Decl., Ex. B. As of this filing, Movant is not aware of any other person or entity seeking appointment as lead plaintiff who claims to have sustained greater financial losses in connection

with the purchase and sale of the Company's common stock during the Class Period. Accordingly, Movant has satisfied all of the PSLRA's prerequisites for appointment as lead plaintiff pursuant to PSLRA § 21D(a)(3)(B), 15 U.S.C. § 78u–4(a)(3)(B), and should be appointed as Lead Plaintiff pursuant to PSLRA § 21D(a)(3)(B)(iii), 15 U.S.C. §78u-4(a)(3)(B)(iii).

### 3. Movant Otherwise Satisfies the Requirements of Rule 23

In addition to satisfying the requirements set forth above, a lead plaintiff must preliminarily fulfill the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that a party may serve as a class representative only if the following four prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Only two of the four prerequisites to class certification, typicality and adequacy, directly address individual characteristics of class representatives. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiffs move for class certification. *See In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 18 (D.D.C. 2006); *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D.D.C. 2005). This interpretation is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that the plaintiff "will not fairly and adequately protect the interests of the class; or ... is subject to unique defenses that render such plaintiff

incapable of adequately representing the class." PSLRA § 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Movant purchased Inphonic stock during the Class Period: (a) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (b) was damaged by the alleged fraud. The typicality requirement is generally satisfied if "each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to prove the defendant's liability." *Disability Rights Council of Greater Washington v. Washington Metro. Area Transp. Auth.*, 239 F.R.D. 9, 27 (D.D.C. 2006) (quoting *Pigford v. Glickman*, 182 F.R.D. 341, 349 (D.D.C. 1998)). Here, like Movant's, each class member's claim arises from the same course of alleged misrepresentations by Defendants, and all class members will require the same arguments to prove Defendants' liability. As Movant's claims are co-extensive with those of the other class members, Movant satisfies the typicality requirement of Rule 23(a). *See In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 260 (D.D.C. 2002) (holding that "the facts and claims of each class member do not have to be identical to support a finding of typicality").

Movant is also an adequate representative of the Class. In order to be an adequate representative, a named plaintiff must not have interests that conflict with the interests of other class members and "must be able 'to vigorously prosecute the interests of the class through qualified counsel.'" *DL v. Dist. of Columbia*, 237 F.R.D. 319, 323 (D.D.C. 2006) (citations omitted). Movant and proposed Lead Counsel have no conflicts of interest with other class members. Movant has indicated that it will protect the interests of the Class, as reflected in Movant's certifications affirming its interest in participating as a representative party in this action. *See* Toll Decl. Ex. B. Movant has also retained counsel with considerable experience in

the prosecution of class action and federal securities law claims, which will ensure that the class receives vigorous representation. *See* Toll Decl., Ex. C.

### C. The Court Should Approve Movant's Choice of Counsel

Pursuant to PSLRA § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v), Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movant has selected and retained Cohen Milstein as Lead Counsel. As demonstrated by Toll Declaration Exhibit C, this firm is highly qualified in plaintiffs' class action litigation, having taken a lead role in numerous important actions on behalf of defrauded investors. Accordingly, the Court should approve Movant's selection of Lead Counsel.

### CONCLUSION

In light of the foregoing, Movant respectfully requests that the Court (1) appoint the Individual Investors Group to serve as Lead Plaintiff in this Action, (2) approve the Individual Investors Group's selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Lead Counsel, and (3) grant such other and further relief as the Court deems just and proper.

Dated: July 6, 2007	Respectfully submitted,

	**COHEN, MILSTEIN, HAUSFELD
	& TOLL, P.L.L.C**


	/s/ Steven J. Toll
	Steven J. Toll (D.C. Bar No. 225623)
	Daniel S. Sommers (D.C. Bar No. 416549)
	Elizabeth S. Finberg (D.C. Bar No. 468555)
	1100 New York Avenue, N.W.
	West Tower, Suite 500
	Washington, D.C. 20005
	Telephone: (202) 408-4600
	Facsimile: (202) 408-4699

	*Proposed Lead Counsel for Movant*