IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS STEVENS, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>INPHONIC, INC., *et al*.,<br><br>*Defendants*. | Case No.: 1:07-cv-00930-RBW |

### DEFENDANTS' RESPONSE TO MOTION OF THE INDIVIDUAL INVESTORS GROUP FOR APPOINTMENT AS LEAD PLAINTIFF

Defendants InPhonic, Inc. ("InPhonic"), David A. Steinberg ("Steinberg") and Lawrence S. Winkler ("Winkler" and collectively with InPhonic and Steinberg, "Defendants") submit this opposition to the Motion of the Individual Investors Group for Appointment as Lead Plaintiff. Defendants request this Court to deny the application as to two of the three members of the group on the ground that they sold all of their shares of InPhonic prior to the alleged corrective disclosures and are therefore lack standing to assert the claims alleged in this action and thus are inadequate parties to serve as lead plaintiffs on behalf of the purported class.

### PRELIMINARY STATEMENT

On July 6, 2007, Rodney J. Caspersen, James W. Morse, Jr., and Michelle Walsh (collectively, the "Individual Investors Group") moved this court for appointment as lead counsel in the above-captioned matter pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B). The Individual Investors Group based their motion on

their alleged status as the "most adequate plaintiff" under the Private Securities Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 ("PSLRA").  The motion for appointment as lead plaintiff by the Individual Investors Group is the only such motion filed in this action and is, therefore, uncontested.  The Defendants do not contest the motion except to the extent that two of the three individuals who are members of the proposed Individual Investor Group have no cognizable claim under the securities laws, are not entitled to recover in this action, and thus lack standing and are ineligible to be appointed as lead plaintiffs.

### BECAUSE TWO OF THE PROPOSED LEAD PLAINTIFFS HAVE NO COMPENSABLE LOSSES THEY MAY NOT BE APPOINTED AS LEAD PLAINTIFFS

In *In re XM Satellite Radio Holdings Sec. Litig.*, this Court recently reviewed the standards applicable to the appointment of lead plaintiff under the PSLRA.  237 F.R.D. 13 (D.D.C. 2006).  Judge Huvelle noted that "[u]nder the PSLRA, the court is to appoint as lead plaintiff the member or members of the purported class that is or are 'the most capable of adequately representing the interests of the class members.'"  *Id.* at 16-17 (citing 15 U.S.C. §78u-4(a)(3)(B)(I).)  In assessing who is "most capable," the PSLRA creates a rebuttable presumption in favor of the person or group of persons that seeks application and who or which has "the largest financial interest in the relief sought by the class . . . and . . . otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure[1]."  *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. at 17  (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)).  As the *XM* court observed, there are "three factors bearing on th[e] ["largest financial interest] inquiry: (1) the number of shares that the movant purchased during the putative class period; (2) the total net

---

[1] Courts focus on Rule 23's requirements of "typicality and adequacy-- . . . in the context of deciding a motion to appoint a lead plaintiff." *Strougo v. Brantley Capital Corp.*, 2007 WL 1683348 at *3 (S.D.N.Y. June 3, 2007) (citing *Fishbury, Ltd. v. Connetics Corp.,* 2006 U.S. Dist. LEXIS 90696, *7 (S.D.N.Y. Dec. 14, 2006)).

funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Id.* (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)). The last factor – loss suffered by the party – is regularly afforded the greatest weight by courts in appointing a lead plaintiff. *See In re Comverse Tech. Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *8 (E.D.N.Y. Mar. 2, 2007).

Obviously, where a lead plaintiff applicant has suffered *no* losses caused by the alleged misrepresentations and omissions that are the subject of the suit, that applicant cannot satisfy the requirements of the PSLRA. Such an individual not only cannot demonstrate that he has the largest losses; he also has no claim. *Id.* (disqualifying lead plaintiff whose alleged "losses" resulted from sales prior to the corrective disclosure and thus were not proximately caused by the alleged fraud); *Rulan v. Infosonics Corp.*, 2006 U.S. Dist. LEXIS 79144 (S.D. Cal. Oct. 23, 2006) (same); *Kops v. NVE Corp.*, 2006 U.S. Dist. LEXIS 49713 (D. Minn. July 17, 2006) (same *In re Veeco Instr. Inc. Sec. Litig.*, 233 F.R.D. 330, 333-34 (S.D.N.Y. 2005) (same).

> As the *Comverse* court explained, in *Dura Pharmaceuticals:*
>
> "the Supreme Court held that plaintiffs can recover in fraud-on-the-market cases only if a specific loss was proximately caused by a defendant's misrepresentations. In so ruling, the Court held that a plaintiff cannot prove loss causation merely by establishing that a defendant's misconduct artificially inflated the price of the target company's stock on the date the plaintiff purchased its shares. Instead, a plaintiff must also prove that the company's stock price later declined (and thus caused plaintiff's shares to be worth less) immediately following a disclosure of the alleged misconduct to the public. . . [¶] ***[I]t is clear that under Dura and its progeny, that any losses that [a shareholder] may have incurred before [the defendants' alleged] misconduct was ever disclosed to the public are not recoverable, because those losses cannot be proximately linked to the misconduct at issue in [the] litigation.***"

*Comverse*, 2007 U.S. Dist. LEXIS 14878 at *12-13 (emphasis added) (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)).

> Similarly, the *Infosonics* court explained:
>
> In *Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)*, the Supreme Court held that a plaintiff bringing a federal securities fraud action must prove proximate causation and economic loss. The Supreme Court explained that an inflated purchase price due to deception or misrepresentation does not in and of itself constitute or proximately cause the relevant economic loss. At the moment the transaction takes place, the plaintiff has suffered no loss because the inflated purchase payment is offset by ownership of a share that *at that instant* possesses equivalent value. *Id. at 343*. If the purchaser sells the shares before the truth becomes known, the misrepresentation will not have led to any loss. Id.

2006 U.S. Dist. LEXIS at *13-14. In short, "the plaintiff who sold all of his shares before the truth was revealed did not suffer any loss as a result of the defendants' action." *Id.* (citing *Kops,* 2006 U.S. Dist. LEXIS 49713).

As the *Comverse* and *Infosonics* and other courts have determined, "the logical outgrowth of [*Dura's*] holding is that any [in-and-out] losses [from trades prior to the curative disclosure] must not be considered in the recoverable losses calculation that courts engage in when selecting lead plaintiff." *Comverse*, 2007 U.S. Dist. LEXIS 14878 at *12-13 (citing *Kops v. NVE Corp.*, 2006 U.S. Dist. LEXIS 49713 (D. Minn. July 17, 2006)(refusing to credit in-and-out losses in lead plaintiff calculation )); *Infosonics,* 2006 U.S. Dist. LEXIS 79144 at * 15 (same); *In re Veeco Instr. Inc. Sec. Litig.,* 233 F.R.D. 330, 333-34 (S.D.N.Y. 2005) (considering plaintiff's failure to demonstrate loss causation as a basis for disqualification of its lead plaintiff candidacy). "Under *Dura,* the court only calculates losses incurred from sales occurring *after* the disclosure, that is, losses proximately caused by the alleged fraud." *Kops v. NVE Corp.*, 2006 U.S. Dist. LEXIS 49713 at *14 (D. Minn. July 17, 2006).

As in *Comverse, Kop* and *Infosonics,* certain of the individual movants in the instant case cannot show that they suffered actual monetary loss, compensable under the securities laws. Here, plaintiffs allege that the purportedly undisclosed facts – that certain of InPhonics' prior financials were misstated – was not revealed until April 3, 2007 (Complaint ¶ 36) and not "fully" revealed until the end of the class period, on May 3, 2007. *Id.* ¶ 1, 39. Movant J.W. Morse, Jr. and Michele Walsh were both out of the stock well before either disclosure. Mr. Morse's certification indicates that he bought 600 shares on November 21, 2006 and sold 900 shares on January 8, 2007.[2] Ms. Walsh's certification indicates that she bought and sold 1000 shares in November 2006 and bought and sold another 100 shares in December 2006.[3] *Dura* makes plain that only losses suffered as a result of a stock-price decline *after* disclosure of the allegedly misrepresented facts is recoverable under the securities laws. *See Comverse*, 2007 U.S. Dist. LEXIS 14878 at *12-13; *Infosonics,* 2006 U.S. Dist. LEXIS 79144 at * 15; *Kops v. NVE Corp.*, 2006 U.S. Dist. LEXIS 49713; *In re Veeco Instr. Inc. Sec. Litig.*, 233 F.R.D. 330, 333-34. Accordingly, any stock price decline and losses on trades prior to April 2007 cannot have been caused by the still-undisclosed revelation that InPhonic's prior financial statements were in error. *Id.* As in *Infosonics,* "the[se] plaintiffs[s] who sold all of [their] shares before the tru[e facts were] revealed did not suffer any loss as a result of the defendants' actions." *Infosonics,* 2006 U.S. Dist. LEXIS 79144 at * 15. Accordingly Mr. Morse and Ms. Walsh have no compensable losses, lack standing[4], and,

---

[2] Ex. B to Decl. of Steven J. Toll In Support of Motion of the Individual Investors Group For Appointment As Lead Plaintiff And Approval of Choice of Lead Counsel.

[3] *Id.*

[4] It is well established that plaintiffs "cannot maintain an action on behalf of class members to redress an injury for which [they] ha[ve] no standing in [their] own right." *Gross v. Summa Four*, 93 F.3d 987, 993 (1st Cir. 1996) (citing *Roots Partnership v. Lands' End, Inc.*, 965 F.2d 1411, 1420 (7th Cir. 1992)); *see also Britt v.*

thus are atypical and subject to unique defenses. For all of these reasons, Mr. Morse and Ms Walsh are inadequate to serve as lead plaintiffs on behalf of the putative shareholder class.

The third movant, Rodney Caspersen, purchased 325 shares during the class period and alleges a total monetary loss of $1,212.75. As Casperen's alleged loss represents the greatest financial interest of any apparently qualified party seeking to act as lead plaintiff, the Defendants do not oppose his appointment. *But see* Michael A. Perino, Securities Litigation After the Reform Act, §2.04B at 2035 (CCH 2006) (noting that "Congress meant for the lead plaintiff to have 'substantial holdings of the securities of the issuer' so that it would have a large enough financial interest to make monitoring class counsel a worthwhile endeavor." (citing House Conf. Report at 32)).

For the foregoing reasons, the Defendants respectfully request that the Individual Investors Group for Appointment as Lead Plaintiff be denied with respect to Mr. Morse and Ms. Walsh.[5] *Accord Infosonics,* 2006 U.S. Dist. LEXIS 79144 at * 15 (appointing as lead plaintiff single member of proposed individual investor group where other proposed members sold their shares prior to the class period ending disclosure and, thus, had no cognizable losses under the PSLRA).

---

*McKenney*, 529 F.2d 44, 45 (1st Cir.1976) ("If none of the named plaintiffs may maintain this action on their own behalf, they may not seek such relief on behalf of a class.").

[5] This result is also consistent with the "clear trend against permitting aggregation of unrelated investors." Perino, *supra*, at §2.04B at 2050 *see also Infosonics,* 2006 U.S. Dist. LEXIS 79144 at * 9-10 (where group consists "of persons who bear no relation and have no connection with one another beyond the fact that they suffered financial loss as a result of a drop in the price of their shares of stock" – and even that common interest is absent here – there is no "cohesiveness" or anything to "bind them together as a unit" that would provide a "reason for the individual members of the group to speak and act with a uniform purpose . . . to act collectively [and] engage in monitoring. Thus, the problem sought to be remedies by the [Reform Act's] lead plaintiff provision" – i.e., "to prevent lawyer-driven litigation" -- "will remain unaddressed" (citations omitted)); *In re Veeco*, 233 F.R.D. at 334(courts view "'amalgamated' groups of unrelated persons who band together in the hope of thereby becoming the biggest loser for PSLRA purposes . . . with disapproval," noting aggregate loss of $16,555 was "insignificant").

VA\22128.1

- 7 -

Dated: July 16, 2007

                    LATHAM & WATKINS LLP


                    By:    /s/ J. Christian Word_____
                            J. Christian Word (DCB #: 461346)
                            555 Eleventh Street, NW
                            Suite 1000
                            Washington, DC 20004-1304
                            Telephone: (202) 637-2200
                            Facsimile:  (202) 637-2201

                            *Attorneys for Defendants InPhonic, Inc., David A. Steinberg and Lawrence S. Winkler*

- 7 -

- 8 -

CERTIFICATE OF SERVICE

      I hereby certify that the forgoing Defendants Opposition to Motion of the Individual Investors Group for Appointment as Lead Plaintiff in the above captioned matter was filed on July __, 2007 and served via the Court's electronic CM/ECF filing system on the following:

Steven J. Toll (DCB #225623)
Daniel S. Sommers (DCB #416549)
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

D. Seamus Kaskela, Esquire
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Rd.
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056
*Attorneys for Plaintiff*

                                          /s/ J. Christian Word_____
                                          J. Christian Word