IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS STEVENS, Individually and on Behalf of All Others Similarly Situated,

              Plaintiff,

   v.

INPHONIC, INC., et al.,

              Defendants.

Case No.: 1:07-cv-00930-RBW

# THE INDIVIDUAL INVESTORS GROUP'S REPLY TO DEFENDANTS' RESPONSE TO THE MOTION OF THE INDIVIDUAL INVESTORS GROUP FOR APPOINTMENT AS LEAD PLAINTIFF

## I. INTRODUCTION

Lead Plaintiff Movants Rodney Caspersen ("Caspersen"), James W. Morse, Jr. ("Morse") and Michelle Walsh ("Walsh") (collectively, the "Individual Investors Group") respectfully file this Reply to Defendants' Response its Motion for Appointment as Lead Plaintiff and Approval of Choice of Lead Counsel ("Defendants' Response" or "Defs.' Resp."). For the reasons set forth below, the Court should appoint Rodney Caspersen as lead plaintiff and approve his selection of lead counsel.

As the sole lead plaintiff movant, the Individual Investors Group, and each of its constituent members, has the largest financial interest in the relief sought by the Class by any movant and otherwise satisfies the requirements of Rule 23. Accordingly, pursuant to Section 21D of the PSLRA, it is presumptively the most adequate plaintiff. No party with standing has challenged that presumption. Indeed, under the plain language of the statute and case law

interpreting the same, Defendants lack standing to challenge the presumption of adequacy that attaches to Movant as the class member willing to serve as lead plaintiff with the largest loss. In addition, Defendants' contention that "in-and-out" purchasers who have suffered losses as a result of the alleged fraud "have no cognizable claim" under the securities laws [and] are not entitled to recover in this action" ignores this Court's own post-*Dura* precedent, which rejected the very same argument. *See Freeland v. Iridium World Comms. Ltd.,* 233 F.R.D. 40 (D.D.C. 2006). Nonetheless, in the interest of avoiding any potential issue which could harm the class, Ms. Walsh and Mr. Morse will withdraw from the Individual Investors' Group, without prejudice to their rights to participate in this action as class members and their right to recover their *pro rata* share of any judgment or settlement in this case.

## II.   ARGUMENT

A.   <u>Defendants Lack Standing to Challenge the Adequacy or Typicality of Lead Plaintiff Movants.</u>

The PSLRA prescribes an exacting protocol for the appointment of lead plaintiffs and lead counsel in federal securities class actions. *See generally* 15 U.S.C. § 78u-4. It directs district courts to "adopt the presumption" that the person or persons who have timely filed a motion seeking appointment as lead plaintiff, who have the largest financial interest in the relief sought by the class and who otherwise satisfy the requirement of Rule 23 is the most adequate plaintiff. The statute further prescribes that "the presumption may be rebutted only upon proof *by a member of the purported plaintiff class*" that the presumptively most capable plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses." 15 U.S.C.A. § 78u-4(a)(3)(B)(iii)(II). *See In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 215 n.1 (D.D.C. 1999) (noting that defendants generally lack standing to challenge appointment of lead

plaintiff); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 60 (D. Mass. 1996) (relying on plain language and legislative history of PSLRA and holding that defendants lack standing to challenge whether lead movants satisfy Rule 23 criteria); I*n re Milestone Scientific Securities, Litig.*, 183 F.R.D. 404, 414 n.14 (D.N.J. 1998) (same); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997) (same); *Zuckerman v. Foxmeyer Health Corp.*, 1997 WL 314422, at *2 (N.D. Tex. Mar. 28, 1997) (same).

Defendants Response is conspicuously silent on this issue and their argument is akin to a plea by the fox to be allowed to guard the henhouse. As the Seventh Circuit has aptly observed:

> it is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether the "representative parties will fairly and adequately protect the interests of the class," ... it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house.

*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 895 (7th Cir.1981), *cert. denied sub nom. Chicago Journeymen Plumbers' Local Union No. 130 v. Plummer,* 455 U.S. 1017 (1982); *see also In re Lopez*, 345 F.3d 701, (9th Cir. 2003) (rejecting interpretation of bankruptcy statute counter to its plain language and noting that "[i]f Congress wanted foxes guarding the henhouse, it would not have incorporated section 524(c) into the Bankruptcy Code"). Defendants' obvious lack of standing precludes the Court from weighing the merits of their arguments in its lead plaintiff analysis. *See In re Baan*, 186 F.R.D. at 215 n.1.

B.      <u>Rodney Caspersen Should Be Appointed As Lead Plaintiff.</u>

As a preliminary matter, the Individual Investors Group does not agree that, as so-called "in-and-out purchasers" during the putative class period, Mr. Morse and Ms. Walsh are "atypical and subject to unique defenses." (Defs' Response at 5-6). Indeed, in *Iridium*, a post-*Dura*

3

decision, Judge Laughrey[1] considered and rejected the very same argument and appointed an in-and-out purchaser as class representative, explaining that:

> reading *Dura* to require proof of a complete, corrective disclosure would allow wrongdoers to immunize themselves with a protracted series of partial disclosures. Several District Courts have, therefore, read *Dura* narrowly, and this Court finds their reasoning persuasive . . . The common questions with respect to whether misleading statements or omissions were made, whether such statements were material, and whether they were made with scienter, bind class members with more force than the varying questions related to price inflation drive them apart.

*Iridium*, 233 F.R.D. at 47-48.

Nonetheless, in order to protect the interests of the putative class from future adequacy of representation challenges, Mr. Morse and Ms. Walsh will withdraw from the Individual Investors Group and allow Mr. Caspersen to serve as the sole lead plaintiff in this case. As Defendants, themselves, have acknowledged, Mr. Caspersen, as the sole lead plaintiff movant in this case has suffered the greatest loss and has the greatest financial interest of any qualified party seeking appointment as lead plaintiff. Defs.' Resp. at 6. Accordingly, he is presumptively the most adequate plaintiff. Moreover, his adequacy has not been challenged by any member of the proposed class. Absent such a challenge, the presumption of adequacy survives. *See Zuckerman*, 1997 WL 314422, at *2 (where "[n]o purported class member has presented evidence to rebut this presumption . . . the Court will appoint the movants as lead plaintiffs" ); D'Hondt, 1997 WL 405668, at *4 (in delegating the rebuttal of the presumption to members of the putative class "Congress placed the principal responsibility, for investigating the propriety of any proposed Lead Plaintiff, to the purported class members" ).

---

[1] Judge Laughrey was sitting by designation from the United States District Court for the Western District of Missouri for the United States District Court for the District of Columbia.

    C.    <u>The Court Should Approve Mr. Caspersen's Selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C as Lead Counsel.</u>

The Reform Act places great emphasis on the lead plaintiff's ability to choose lead counsel and ensures that, except in very unusual circumstances where necessary to protect the class, lead plaintiff will not have to accept counsel that it did not itself choose. *See*, *e.g*., *In re Baan Sec. Litig.*, 186 F.R.D. at 229. Mr. Caspersen has selected and retained Cohen, Milstein, Hausfeld & Toll, P.L.LC. ("Cohen Milstein") as Lead Counsel. As set forth in the Exhibit C to the Declaration of Steven J. Toll in Support of the Motion of the Individual Investors Group for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, filed on July 6, 2007, Cohen Milstein is a highly qualified plaintiffs' class action law firm with a robust and successful securities litigation practice and has taken a lead role in numerous important actions on behalf of defrauded investors. Accordingly, the Court should approve Mr. Caspersen's selection of Lead Counsel.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Mr. Caspersen respectfully requests that the Court (1) appoint him to serve as Lead Plaintiff in this Action, (2) approve his selection of Cohen Milstein as lead counsel, and (3) grant such other and further relief as the Court deems just and proper.

Dated: July 26, 2007                                     Respectfully submitted,

                                                     **COHEN, MILSTEIN, HAUSFELD
                                                                                  & TOLL, P.L.L.C**

/s/  Steven J. Toll_____
Steven J. Toll (D.C. Bar No. 225623)
Daniel S. Sommers (D.C. Bar No. 416549)
Elizabeth S. Finberg (D.C. Bar No. 468555)
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Proposed Lead Counsel for Rodney Caspersen*