IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS STEVENS, Individually and on Behalf of All Others Similarly Situated,

          Plaintiff,

v.

INPHONIC, INC., et al.,

          Defendants.

Case No.: 1:07-cv-00930-RBW

## NOTICE OF FILING

Lead Plaintiff Movant Rodney Caspersen, through counsel, respectfully files the attached [Proposed] Order Appointing Lead Plaintiff and Approving Lead Plaintiff's Selection of Lead Counsel, which replaces the proposed order submitted with the Individual Investors Group's Motion for Lead Plaintiff and Approval of Its Selection of Lead Counsel and supporting memorandum of law, filed on July 6, 2007.

The attached proposed order reflects the fact that two of the three constituent members of the Individual Investors Group, James W. Morse, Jr. and Michelle Walsh, have withdrawn from consideration as lead plaintiff, without prejudice their right to seek their *pro rata* share of any judgment or settlement in this action, and Rodney Caspersen now seeks appointment as the sole lead plaintiff.

Dated: July 27, 2007                                Respectfully submitted,

                                                       **COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C**

/s/ Steven J. Toll_____
Steven J. Toll (D.C. Bar No. 225623)
Daniel S. Sommers (D.C. Bar No. 416549)
Elizabeth S. Finberg (D.C. Bar No. 468555)
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Proposed Lead Counsel for Rodney Caspersen*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS STEVENS, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

   v.

INPHONIC, INC., et al.,

        Defendants.

Case No.: 1:07-cv-00930-RBW

## [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

Having considered the papers filed in support of the Motion of the Individual Investors Group ("Movant") for Appointment as Lead Plaintiff and Approval of Choice of Lead Counsel and their Reply in support of the same, in which Movant seeks the appointment of Rodney Caspersen as the sole lead plaintiff in this case, pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order.

**I.    APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

    1.    Having considered the provisions of § 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that the Rodney Caspersen is the most adequate plaintiff and satisfies the requirements of the PSLRA. The Court hereby appoints Rodney Caspersen as Lead Plaintiff to represent the interests of the class in this Action.

    2.    Pursuant to § 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Rodney Caspersen has selected and retained the law firm of Cohen, Milstein, Hausfeld & Toll,

P.L.L.C. to serve as Lead Counsel. The Court approves Mr. Caspersen's selection of Lead Counsel for this Action.

    3.    Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

        a.    to coordinate the briefing and argument of any and all motions;

        b.    to coordinate the conduct of any and all discovery proceedings;

        c.    to coordinate the examination of any and all witnesses in depositions;

        d.    to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

        e.    to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

        f.    to coordinate all settlement negotiations with counsel for defendants;

        g.    to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

        h.    to coordinate the preparation and filings of all pleadings; and

        i.    to supervise all other matters concerning the prosecution or resolution of the Action.

    4.    No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

6. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

7. All counsel for plaintiffs in the Action shall submit to Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate, and the subject matter of the work. Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Lead Counsel shall determine. Any failure to timely submit such reports to Lead Counsel may result in the disqualification of such unreported time from being reimbursed from any common fund which may be created in the Action.

8. Defendants shall effect service of papers on plaintiffs by serving copies on Lead Counsel by overnight delivery service, telecopy, or hand delivery. Plaintiffs shall effect service of papers on defendants by serving copies on each of their counsel by overnight delivery service, telecopy, or hand delivery.

9. Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings.

## II. NEWLY-FILED OR TRANSFERRED ACTIONS

11. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

      a.      file a copy of this Order in the separate file for such action;

      b.      mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

      c.      make the appropriate entry in the docket for this action.

12. Each new case which arises out of the subject matter of this Action that is filed in this Court or transferred to this Court shall be consolidated with this Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

## III.  PRESERVATION OF RELEVANT DOCUMENTS

13. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

IT IS SO ORDERED.

DATED: This _____ day of _____, 2007

                                                                         _____
                                                                         UNITED STATES DISTRICT JUDGE