IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS STEVENS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INPHONIC, INC., et al.,<br><br>Defendants. | Case No.: 1:07-cv-00930-RBW |

## LEAD PLAINTIFF MOVANT RODNEY CASPERSEN'S RESPONSE TO DEFENDANT INPHONIC'S SUGGESTION OF BANKRUPTCY AND NOTICE OF AUTOMATIC STAY

### I.   INTRODUCTION

Lead Plaintiff Movant Rodney Caspersen ("Mr. Caspersen" or "Movant"))[1], respectfully files this Response to Defendant Inphonic, Inc.'s Suggestion of Bankruptcy and Notice of Automatic Stay ("Inphonic's Bankruptcy Suggestion").

---

[1]   On July 6, 2007, Mr. Caspersen, as a constituent member of the Individual Investors Group moved for appointment as lead plaintiff in this action. The Individual Investors Group consists of Mr. Caspersen, James W. Morse, Jr. and Michelle Walsh. As the sole lead plaintiff movant, the Individual Investors Group, and each of its constituent members, has the largest financial interest in the relief sought by the Class by any movant and otherwise satisfies the requirements of Rule 23. Accordingly, pursuant to Section 21D of the PSLRA, it is presumptively the most adequate plaintiff. On July 16, 2007 Defendants filed a motion in partial opposition to the Individual Investors Group's lead plaintiff motion, arguing that Mr. Morse and Ms. Walsh were so-called "in-and-out" purchasers who could not adequately represent the class. On July 26, 2007, the Individual Investors Group filed a Reply in which they argued that Defendants lacked standing to challenge the presumption of adequacy that attaches to the Individual Investor's Group and that under *Freeland v. Iridium World Comms. Ltd.,* 233 F.R.D. 40 (D.D.C. 2006), so-called "in-and-out" purchasers are not precluded from serving as lead plaintiffs. Nonetheless, in order to protect the interests of the putative class from future adequacy of representation challenges, Mr. Morse and Ms. Walsh have agreed to withdraw from the Individual Investors Group and allow Mr. Caspersen to serve as the sole lead plaintiff in this case. Mr. Caspersen's unopposed motion for appointment as lead plaintiff and approval of his selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as lead counsel remains pending.

As set forth in Inphonic's Bankruptcy Suggestion, and on information and belief, on November 8, 2007, Defendant Inphonic, Inc. filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  Further, on information and belief, none of the Individual Defendants has filed a petition in bankruptcy, or is identified as a debtor with respect to that petition.

It is well established that, while the filing of a petition in bankruptcy stays proceedings as against the bankrupt debtor, it does not stay litigation as against non-bankrupt defendants, *i.e.* the Individual Defendants.  *See Lucas, Nace, Gutierez & Sachs Chartered v. Havens*, 245 B.R. 180, 181 (D.D.C. 2000) (declining to extend stay to non-bankrupt co-defendant citing well-settled law that automatic stay applies only to bankrupt debtor). As Magistrate Judge Kay correctly noted in *Lucas*, the D.C. Circuit has not addressed this precise issue, but a majority of circuits hold that non-debtor co-defendants in an action instituted prior to bankruptcy may not claim the protection of the automatic stay.  *See id*. ("a plain reading of § 362(a)(1) indicates that the bankruptcy petition stays the civil action that arose prior to the bankruptcy proceeding only as to the debtor . . .the majority of circuits have held that non-debtor co-defendants may not ordinarily claim the protections of § 362(a")) (citing *Conti v. Blau,* 234 B.R. 627, 628 (S.D.N.Y.1999); *McCartney v. Integra Nat'l Bank North,* 106 F.3d 506, 509-510 (3d Cir.1997); *Teachers Ins. and Annuity Ass'n of Am. v. Butler,* 803 F.2d 61 (2d Cir.1986); *Lynch v. Johns-Manville Sales Corp.,* 710 F.2d 1194, 1196-97 (6th Cir.1983) ("It is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors or others with a similar legal or factual nexus to the [debtor defendant]"); *see also In re Lawson*, 333 B.R. 503, No. 05-01194.05-01194, 2005 WL 3036508

(Bkrtcy. D. D.C., October 28, 2005) (declining to extend stay to non-debtor husband allowing foreclosure by creditors of real property in which non-debtor resided); Collier on Bankruptcy, ¶ 362.03[3][d] (Lawrence P. King ed., 15th ed., 1996)); *accord Winters v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996) (holding as well-settled law that automatic stay does not extend to non-bankrupt co-defendants).

Moreover, while a narrow exception to this rule may allow the extension of a stay in "unusual circumstances," such as when proceedings against a third party will impede reorganization, it is the job of the Bankruptcy Court to decide whether that narrow exception applies.  *See id*. (citing *Chase Manhattan Bank v. Third Eighty-Ninth Assocs.,* 138 B.R. 144, 147 (S.D.N.Y.1992)); *see also A.H. Robbins, Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); (explaining that extension of stay to non-bankrupt co-defendant requires "something more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy . . ."). Because none of the Individual Defendants has sought, let alone obtained, such a ruling from the Bankruptcy Court, there is no basis upon which this case is or may be stayed as to them.

Accordingly, Movant respectfully requests that the Court facilitate the orderly progression of this case by appointing him as lead plaintiff and approving his selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as lead counsel.

Dated: December 5, 2007                    Respectfully submitted,

                                                 **COHEN, MILSTEIN, HAUSFELD**
                                                    **& TOLL, P.L.L.C**

                                                /s/ Andrew N. Friedman_____
                                                Andrew N. Friedman (D.C. Bar#375595)
                                                Daniel S. Sommers (D.C. Bar No. 416549)
                                                Elizabeth S. Finberg (D.C. Bar No. 468555)
                                                1100 New York Avenue, N.W.
                                                West Tower, Suite 500
                                                Washington, D.C. 20005
                                                Telephone: (202) 408-4600
                                                Facsimile: (202) 408-4699

                                                *Proposed Lead Counsel for Rodney Caspersen*

IMANAGE 315885.1 73670001