IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS STEVENS, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>INPHONIC, INC., et al.,<br><br>       Defendants. | Case No.: 1:07-cv-00930-RBW |

**LEAD PLAINTIFF MOVANT RODNEY CASPERSEN'S MEMORANDUM OF LAW IN SUPPORT OF HIS UNOPPOSED MOTION FOR RELIEF FROM LCvR 23.1(b)**

Lead plaintiff Movant Rodney Caspersen ("Mr. Caspersen" or "Movant"), through counsel, respectfully moves the Court for an order granting relief from the provision of LCvR 23.1(b) requiring that class action plaintiffs file a motion for class certification within 90 days after the filing of a complaint. *See* LCvR 23.1(b).

## I. INTRODUCTION

On May 7, 2007, the first complaint alleging violations of the federal securities laws against the Defendants was filed in this Court under the caption *Mark Miller v. Inphonic Inc. et al.*, Civ. No. 07-cv-845 (RBW) (the "*Miller* case"). The complaint in the *Miller* case is a class action complaint brought under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* (the "PSLRA") and brought on behalf of a class of persons who purchased or otherwise acquired shares of defendant Inphonic, Inc., between August 2, 2006 through May 3, 2007, inclusive (the "Class Period"). On May 18, 2007 the above-captioned complaint was filed

and identified as a related case. On June 12, 2007, Mr. Miller fled a Notice of Voluntary Dismissal, and on June 13, 2007, the Court entered an order dismissing the case.

On July 6, 2007, Mr. Caspersen, as a constituent member of the Individual Investors Group moved for appointment as lead plaintiff in this action. The Individual Investors Group consists of Mr. Caspersen, James W. Morse, Jr. and Michelle Walsh. As the sole lead plaintiff movant, the Individual Investors Group, and each of its constituent members, has the largest financial interest in the relief sought by the Class by any movant and otherwise satisfies the requirements of Rule 23. Mr. Caspersen's unopposed motion for appointment as lead plaintiff and approval of his selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as lead counsel remains pending.

Movant now seeks relief from LCvR 23.1(b), which requires the filing of a motion for class certification within 90 days of the filing of the complaint. For the reasons described below, a motion for class certification could not have been filed within 90 days of when the initial complaint was filed and still cannot be filed until a lead plaintiff and lead counsel has been appointed.

## II.    ARGUMENT

Local Rule 23.1(b) reads in pertinent part:

> Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, *unless the court in the exercise of its discretion has extended the period*, the plaintiff shall move for a certification under Rile 23.1(c), Federal Rule of Civil Procedure, that the case may be so maintained . . . .

LCvR 23.1(b). Thus, under strict adherence to Rule 23.1(b), the deadline for filing a class certification motion was August 5, 2007.[1]  However, because, at that time, no lead plaintiff or lead counsel had been appointed by the Court, no one, including Movant and undersigned counsel, had authority to make such a motion on behalf of the putative class.

The Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 *et seq*. mandates the appointment of a lead plaintiff and lead counsel in all putative class actions arising under the federal securities laws.  It provides that within 90 days of the issuance of a public notice advising potential class members of the pendency of the lawsuit, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." PSLRA § 21D(a)(3)(B)(i), 15 U.S.C. § 78u-4(a)(3)(B)(i).  The Court must also appoint lead counsel to represent the putative class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Hence, the PSRLA expressly requires courts to determine who will represent the class both as a plaintiff and as counsel at an early stage of the proceedings and imbues the lead plaintiff and lead counsel with authority to lead and direct the lawsuit on behalf of all members of the putative class.

Movant further notes that in federal securities class actions, once the lead plaintiff and lead counsel are appointed, a consolidated amended complaint is then filed.  In fact, on June 27, 2007, the parties entered into and filed a stipulation under which they agreed that defendants need not answer the two complaints then on file (this instant case and the *Miller* case) until after

---

[1] The instant and case and the *Miller* case were never consolidated. Thus, commencement of the 90-day period may have run from the date the instant complaint was filed, making the deadline August 13th. In either case, the analysis remains the same -- no lead plaintiff or lead counsel has yet been appointed and no answer or responsive pleading has yet been filed. Hence counsel does not have the authority to file a motion for class certification on behalf of the putative class and the parties are not at issue.

a lead plaintiff and lead counsel is appointed and a consolidated amended complaint is filed. *See* June 27, 2007 Stip., Docket Entry #5. Thus, on August 5, 2007, when the class certification would have been due under a strict construction of Rule 23.1(b), it would have been both procedurally impossible and impractical to file a motion for class certification. In fact, at that time and as of the date of this filing, no lead plaintiff or lead counsel has been appointed and no defendant has answered or otherwise responded to the complaint. Accordingly, Movant respectfully requests that the Court issue an order granting relief from the 90-day provision of Rule 23.1(b) and for such other relief as the Court deems just and proper.

Dated: December 14, 2007                                Respectfully submitted,

                                                        **COHEN, MILSTEIN, HAUSFELD**
                                                        **& TOLL, P.L.L.C**


                                                        /s/  Andrew N. Friedman
                                                        Andrew N. Friedman (D.C. Bar#375595)
                                                        Daniel S. Sommers (D.C. Bar No. 416549)
                                                        Elizabeth S. Finberg (D.C. Bar No. 468555)
                                                        1100 New York Avenue, N.W.
                                                        West Tower, Suite 500
                                                        Washington, D.C. 20005
                                                        Telephone: (202) 408-4600
                                                        Facsimile: (202) 408-4699

                                                        *Proposed Lead Counsel for Rodney Caspersen*